UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2010 SEP 10 A 11: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **SALLY JONES**<br>Plaintiff,<br><br>v.<br><br>**ARROW FINANCIAL SERVICES, LLC,**<br>a foreign limited liability corporation,<br>**EQUIFAX INFORMATION SERVICES,**<br>**LLC,** a foreign limited liability company,<br>**EXPERIAN INFORMATION**<br>**SOLUTIONS, INC.,** a foreign corporation,<br>**TRANS UNION, LLC,** a foreign limited<br>liability company,<br>Defendants. | )<br>)<br>)<br>)  Civil Action No.: 2:10CV763<br>)  **Plaintiffs Demands Jury Trial**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "the FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 18-9-1, *et. seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of action.

### JURISDICTION AND VENUE

1

2. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff Sally Jones (hereinafter referred to as "Plaintiff") is a natural person and resident and citizen of Montgomery County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant Arrow Financial Services, LLC (hereinafter referred to as "Arrow" or "Defendant") is a foreign limited liability corporation engaged as a "debt collector" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where Arrow regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

5. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing

information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

6. Defendant Experian Information Solutions, Inc., (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

7. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTS

**Defendant Arrow:**

8. Plaintiff reincorporates by reference herein paragraphs one (1) through seven (7).

9. On May 24, 2010, Plaintiff received a favorable judgment[1] against Arrow for debts that Arrow was improperly trying to collect from Plaintiff.[2]

10. Arrow has since continued to collect the same debt by reporting Plaintiff's account to all three national consumer reporting agency (hereinafter referred to as "Credit Reporting

---

[1] Exhibit A - Judgment
[2] Montgomery County District Court, Montgomery, Alabama, Case No.: 10-900571.00.

3

Agency" or "CRA") as having a balance due and payable, rather than reflecting that such account does not exist. Specifically:

   a. Arrow reported to Equifax on May 1, 2010, that Plaintiff has an outstanding balance with, and remains personally liable to, Arrow for the amount of $2,573.00. This account balance was still showing as of August 20, 2010, under the "Trade Lines" section of the report as "[a]t least 120 days or more than four payments past due."

   b. Arrow reported to Experian on May 1, 2010, that Plaintiff has an outstanding balance with, and remains personally liable to, Arrow for the amount of $2,573.00. This account balance was still showing as of August 20, 2010, under the "Collections" section of the report as "account seriously past due date/account assigned to attorney, collection agency, or credit grantor's internal collection department."

   c. Arrow reported to Trans Union on May 1, 2010, that Plaintiff has an outstanding balance with, and remains personally liable to, Arrow for the amount of $2,573.00. This account balance was still showing as of August 20, 2010, under the "Collections" section of the report as "[p]laced for collection."

11. Notwithstanding that Defendant properly updates numerous accounts each month it has intentionally, maliciously and willfully refused to do so with Plaintiff, and other similarly situated consumers.

12. Defendant has promised, through their subscriber agreements or contracts with the CRAs to update accounts but have willfully, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under

4

the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

13. Defendant has a policy to "park" their accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

14. Defendant knows that reporting these balances will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the judgment, such false information has been published to third parties.

15. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

16. Defendant's actions – engaging in a pattern and practice of wrongful and unlawful behavior, i.e. attempting to collect upon discharged debts – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

17. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendants, regarding Plaintiff's accounts, as described herein, has resulted in the negligent and intentional infliction of mental and emotional distress upon

Plaintiff proximately causing Plaintiff to suffer mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

18. The Plaintiff has suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendant's publication of this adverse credit information.

**Defendant Equifax, Experian, Trans Union:**

19. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

20. Indisputably, based upon sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, result from procedures followed by its sources of information."

21. Defendant's intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

**COUNT ONE
ALL DEFENDANTS
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.***

22. Plaintiff incorporates by reference herein paragraphs one (1) through twenty-one (21).

6

23. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

    b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

    c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

    d. Invading the privacy of Plaintiff; and

    e. Failing in their duty to prevent foreseeable injury to Plaintiff.

24. Defendants have furnished information regarding the Plaintiff, a consumer, to one or more of the CRAs, when they had reason to know the information was inaccurate.

25. Defendants know that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the judgment, such false information has been published to third parties.

26. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

27. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

## COUNT TWO
## DEFENDANT ARROW
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

28. Plaintiff incorporates herein by reference paragraphs one (1) through twenty-seven (27).

29. Defendant attempted to collect a consumer debt allegedly owed by the Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, Defendant violated the FDCPA by taking one or more of the following actions against Plaintiff:

    a. Attempting to collect a debt by reporting and/or allegedly verifying a balance within the "Collections Account" section of at least one of Plaintiff's credit reports when there is no legal right to collect the debt;

    b. Taking illegal actions against Plaintiff;

    c. Refusing to properly update Plaintiff's accounts;

    d. Failing to show the accounts as being "disputed" by Plaintiff; and

    e. Reporting the invalid debt on Plaintiff's credit reports.

30. The foregoing acts and omissions was undertaken by Defendant willfully, intentionally, and knowingly as part of its routine debt collection business and/or in gross reckless disregard for Plaintiff's rights.

31. Plaintiff has suffered injury to her credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

32. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, civil liability [Section 813 of Pub. Law].

## COUNT THREE
## DEFENDANTS ARROW
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

33. Plaintiff incorporates herein by reference paragraphs one (1) through thirty-two (32).

34. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

35. Plaintiff has suffered injury to their credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

36. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## ALL DEFENDANTS
## INVASION OF PRIVACY

37. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-six (36).

38. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

39. Defendants' actions were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

40. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

41. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## ALL DEFENDANTS
## DEFAMATION

42. Plaintiff incorporates by reference herein paragraphs one (1) through forty-one (41).

43. Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

44. Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendants.

45. The publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

46. Plaintiff has suffered injury to their credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

47. As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT SIX
### DEFENDANT ARROW
### INTENTIONAL MISREPRESENTATION

48. Plaintiff incorporates by reference herein paragraphs one (1) through forty-seven (47).

49. Defendant intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to that Defendant.

50. Defendant intends that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

51. Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

52. Plaintiff has suffered injury to their credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than she would have if Defendant had not inaccurately reported Plaintiff's credit history.

53. As a proximate consequence of Defendant's intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to

Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT SEVEN
### DEFENDANT ARROW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff incorporates by reference herein paragraphs one (1) through fifty-three (53).

55. Defendant's conduct, as described herein, was reckless and/or intentional, and performed with disregard for the rights of Plaintiff.

56. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than she would have if Defendant had not inaccurately reported Plaintiff's credit history.

57. As a proximate consequence of Defendant's extreme and outrageous conduct, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interests and costs as well as any other remedy allowed by law. Plaintiff also requests this Court, on the jury returning a verdict for the Plaintiff, to assess an attorney fee to be awarded to Plaintiff's attorney.

### PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Award Plaintiff actual damages;

b) Award Plaintiff punitive damages;

c) Award Plaintiff statutory damages where applicable;

d) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

e) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the __10__ day of September 2010.

*/s/ Bradford J. Griffin*
Bradford J. Griffin (GRI083)
*Attorney for Plaintiff*
**VICKERS & WHITE, PLLC**
428 South Lawrence Street
Montgomery, AL 36111
Telephone: (334) 269-1192
Facsimile: (334) 239-7408
bgriffin@vickersandwhitelaw.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**ARROW FINANCIAL SERVICES, LLC**
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o CT Corporation System

2 North Jackson Street, Suite 605
Montgomery, AL 36104

**TRANS UNION, LLC**
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104